UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne Marlon Benedic Lezama, | ) C/A No. 5:13-923-DCN-KDW |
| Petitioner, | ) ) |
| vs. | ) REPORT AND RECOMMENDATION ) |
| Warden, FCI-Bennettsville, | ) ) |
| Respondent. | ) ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the court pro se by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

This is the second § 2241 Petition submitted to the court in less than one year by Wayne Marlon Benedic Lezama ("Petitioner") attacking the underlying validity of the same conviction and sentence entered on a guilty plea by the United States District Court for the Eastern District of Virginia. *United States v. Lezama*, Crim. Action No. 2:09–cr–00162–HCM–FBS–1 (E.D. Va.); *see also Lezama v. Warden*, No. 5:12–2971–DCN–KDW, 2012 WL 6864387 (D.S.C. Dec. 21, 2012). His initial § 2255 motion was denied by the sentencing court, and his appeal therefrom was dismissed by the Fourth Circuit Court of Appeals. *United States v. Lezama*, 471 F. App'x 122 (4th Cir. 2012). Shortly thereafter, he filed his first § 2241 petition in this court. He requested permission

from the Fourth Circuit to file a second § 2255 motion in the sentencing court; such authorization was denied, and Petitioner filed this second § 2241 case in this court. Pet. 3, ECF No. 1; Order of Fourth Circuit Court of Appeals (Mar. 21, 2013), ECF No. 1-1 at 25.

     Petitioner is an inmate at FCI-Bennettsville, located in the state of South Carolina. He is serving a 60-month sentence on a wire-fraud conviction. His sentence was entered on February 23, 2010, and it also includes a five-year supervised release provision, and a restitution order in the amount of $ 1, 150,570.30. Petitioner contends that incorrect definitions of statutory components and incorrect loss values were used by the government and sentencing court in determining the charge on which his indictment was based and the appropriate guidelines sentencing range. Pet. 1-12, ECF No. 1.  He contends here, as he did in his previous § 2241 petition, that the government could not, and did not, prove the required facts for the Class B felony charge on which he was indicted and on which he pleaded guilty. *Id*. Petitioner also contends that outdated definitions and loss valuations were used in connection with both the indictment and with the sentencing guidelines calculations made in the Pre-sentencing Investigation Report ("PSR") that was relied on by the trial judge in his sentencing decision and that his trial counsel was ineffective for not catching these miscalculations and excessive charges and sentence. *Id*. at 15-19. These same allegations were made in Petitioner's previous case in this court and the Report and Recommendation issued in that case goes into considerable detail about the nature of these allegations. *See Lezama v. Warden*, C/A No. 5:12-2971-DCN-KDW, 2012 WL 6864387 (D.S.C. Dec. 21, 2012), adopted by 2013 WL 170007 (D.S.C. Jan. 16, 2003).  In the interest of judicial efficiency, this Report will not go into such detail as it is not critical to the outcome of this case.  *See Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting a federal court may take judicial notice of the contents of its own

records).

Large portions of the pleadings in the previous case and those in this case are virtually, if not completely, identical. There are two principal differences between the prior petition and the one at issue here: (1) Petitioner seeks a writ of *error coram nobis* as an alternative to his seeking a writ of habeas corpus, and he includes considerable discussion about jurisdictional issues surrounding § 2241 petitions and petitions for writs of *error coram nobis*; and (2) Petitioner includes an "actual innocence" argument in this Petition. Pet. 3-8, 13-14; ECF No. 1.  In summary, Petitioner asserts that, when the correct underlying facts and appropriate law are taken into account, he is serving an excessive, illegal sentence based on an improper and excessive charge. Petitioner asks the court to order him "immediately released" from custody.  *Id.* at 25.

## **INITIAL REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally.  Such pro se petitions are held to a less stringent standard than those drafted by attorneys,  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551

U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

As an initial matter, the court notes that this case is being considered as one submitted to the court under 28 U.S.C. § 2241, and not as one involving a petition for writ of *error coram nobis*. Regardless of Petitioner's assertions otherwise, this is not an extraordinary case involving manifest injustice. *See United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988) (to issue the writ of *error coram nobis,* "an error of the most fundamental character must have occurred" and "no other remedy may be available") (internal quotations omitted); *see also United States v. Bush*, 888 F.2d 1145 (7th Cir. 1989) (tracing doctrine of *coram nobis* in federal case law and noting the scarcity of its use). There are no circumstances surrounding this case that would justify the highly exceptional use of a writ of *error coram nobis*.

Second, because the arguments and contentions made in the Petition submitted in this case are substantially duplicative of those previously submitted in Civil Action No. 5:12–2971–DCN–KDW, this case is subject to summary dismissal for the same reason that the previous case was subject to dismissal. *See* 2012 WL 6864387.  As a result, this court need not fully address each contention again in this case. To do so would fly in the face of the important interests of judicial  efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:  "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.  Once was sufficient." *Aloe Creme Labs.*, 425 F.2d at 1296. Petitioner's challenges to the underlying validity of his conviction and sentence are not appropriate issues for this court to consider under § 2241 because there is no showing that the § 2255 remedy is inadequate or ineffective in Petitioner's situation and his "actual innocence" is not supported under the facts of this case.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255. *Rice v. Rivera*, Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)).  "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001).  The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of

5

his detention.

28 U.S.C. § 2255(e). In other words, as applied here, Petitioner's § 2241 action is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner fails to make such a showing. The fact that he did not prevail in his prior § 2255 action and was not granted authorization to pursue a second § 2255 motion does not mean that the § 2255 remedy is inadequate or ineffective; it simply means that he was not entitled to it under the facts and law presented to the sentencing court.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a retroactive change in the law as contemplated in *In re Jones*, 226 F.3d 328 (4th Cir. 2000). In *Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *Jones*, 226 F.3d at 333-34. Petitioner's allegations about the supposed failure of the sentencing court and the prosecutor to use the amended version of the sentencing guidelines when figuring his sentencing range, U.S.S.G. § 2B1.1 (Amendment 617) (2001), does not fit within the *Jones* exception to the § 2255 remedy because the amended language on which Petitioner relies was already in effect at the time of his sentencing. Accordingly, even if the court and prosecutor did not use the appropriate law that was controlling *at the time of his sentencing*, he cannot satisfy the second prong of the *Jones* analysis. Furthermore, Petitioner's claim that his sentence was improperly enhanced because of the

6

sentencing court's alleged failure to apply the amended guideline in his case is insufficient to meet the high threshold announced in *Jones*. *See United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."). Insofar as his "actual innocence" claim is concerned, Petitioner provides no allegations of new evidence or law, unavailable at the time of *conviction*, that undermines the validity of his criminal conviction for wire fraud. In absence of such new evidence or of a new law that makes him no longer guilty of wire fraud, no valid actual innocence claim is shown. *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). The type of "actual innocence" that might require the court to consider a claim under § 2241 is *factual* innocence of the crime of conviction, not *legal* innocence of the requirements for an enhanced sentence as asserted here. *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *United States v. Pettiford*, 612 F.3d 270, 284 (4th Cir. 2010) ("actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes."). Because Petitioner's claims in this second § 2241 Petition fail to invoke the § 2255 savings clause, he is barred from proceeding with this habeas corpus action under § 2241.

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

April 30, 2013                                      Kaymani D. West
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).